THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTIONETTE SLAUGHTER,

                                    Plaintiff,

            v.

VALLEY VIEW I LP, *et al.*,

                                    Defendants.

CASE NO. C24-0585-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

On May 28, 2024, the Honorable Brian A. Tsuchida, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (*See* Dkt. No. 7.) Plaintiff's complaint (Dkt. No. 8) was entered shortly thereafter. Summons has not yet issued.

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). To avoid dismissal, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient

1   facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

2       Here, Plaintiff is seeking relief for civil right violations, "violence against women,"

3   discrimination and/or retaliation, harassment, stalking, and privacy violations. (*See* Dkt. No. 8 at

4   5–6.) In as much as the Court can glean, she seeks this relief for civil rights deprivations at the

5   hands of Valley View I LLP, King County Housing Authority, Seattle Public School District,

6   and Mayor Bruce Harrell, and is seeking $250 million dollars in relief. But Plaintiff's allegations

7   are not coherent. They fail to establish (a) the conduct supporting that relief, (b) and the legal

8   theory supporting the relief sought. Both must be supported by specific allegations—not

9   formulaic conclusions or legal titles. *See Iqbal*, 556 U.S. at 664.

10      However, when dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs

11  leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be

12  cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, it is

13  perhaps conceivable that Plaintiff could adequately plead her claims. For this reason, the Court

14  finds that leave to amend is warranted.

15      Based on the foregoing, the Court DECLINES to serve Plaintiff's complaint and

16  GRANTS Plaintiff leave to file an amended complaint curing the above-noted deficiencies

17  within 30 days after the date this order is signed.[1] If no amended complaint is filed within this

18  time period or if Plaintiff files an amended complaint that fails to correct the deficiencies

19  identified above, the Court may dismiss Plaintiff's claims pursuant to Federal Rule of Civil

20  Procedure 12(h)(3) and/or 28 U.S.C. §1915(e)(2)(B). The Clerk is DIRECTED to re-note

21  Plaintiff's motion to appoint counsel (Dkt. No. 9) to August 1, 2024.

22  //

23  //

24

25  [1] Plaintiff is advised that an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any

26  amended complaint must clearly identify the defendant(s), the legally cognizable claims asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

DATED this 1st day of July 2024.

Ravi Subramanian
Clerk of Court

s/Kathleen Albert
Deputy Clerk